IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

G. SMITH,

        Plaintiff,

v.

JILL LIMERICK,

        Defendant.

Case No. 1:17-cv-00712-CL

OPINION AND ORDER

CLARKE, Magistrate Judge.

Plaintiff G. Smith brings claims against defendant Jill Limerick for various state law claims arising out of a lease agreement for a residential property. The case comes before the Court on the defendant's motion to dismiss and alternatively to make more definite (#7). For the reasons below, the motion is GRANTED and Plaintiff's Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within thirty (30) days.

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1108.

## DISCUSSION

Plaintiff has filed a cause of action in federal court arising out of a landlord and tenant dispute with the owner of real property. Plaintiff alleges claims for breach of contract, breach of the implied duty of good faith and fair dealing, trespass, trespass to chattels, fraud, and conspiracy to defraud. She claims that, based on these claims, she has suffered significant damages, such that the amount in controversy requirement for diversity jurisdiction has been met. She does not specify her damages, however, other than making general claims for economic and non-economic damages.

Defendant has filed a motion to dismiss the complaint for lack of subject matter jurisdiction, based on an insufficient amount in controversy, and for failure to state a claim. Defendant moves, alternatively, for an order to make a more definite statement to establish the amount in controversy and to allege a claim of fraud. In response, Plaintiff has both disputed

defendant's motion, asserting that she has sufficiently alleged a proper jurisdictional amount in controversy, and also indicated that she would like the opportunity to file an amended complaint "which will clarify the original complaint with additional specificity that addresses several points made in Defendant's dismissal motion." The Court agrees that Plaintiff should have the opportunity to cure the deficiencies of her Complaint. The Court directs Plaintiff, in particular, to more specifically allege the jurisdictional amount in controversy, and to more specifically allege the facts contained in her claims of fraud and conspiracy to defraud. As discussed above, such claims must meet a heightened pleading standard, and the allegations contained in Plaintiff's current Complaint are conclusory and fail to meet such a standard.

## ORDER

For the reasons stated above, the defendants' motion to dismiss (#7) is GRANTED. Plaintiff's Complaint (#1) is dismissed without prejudice. She may file an amended complaint within thirty (30) days of this Order.

ORDERED and DATED this ____20____ day of December, 2017.

MARK D. CLARKE
United States Magistrate Judge