Douglas M. McGeary, OSB # 880793
2 N. Oakdale Ave.
Medford, OR  97501
541-779-4647
541-734-7269 fax
doug@douglasmmcgeary.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **G. SMITH,**<br>**Plaintiff**<br><br>v.<br><br>**JILL LIMERICK,**<br>**Defendant.** | Civil No.  1:17-CV00712-CL<br><br>DEFENDANT'S FED R. CIV. P. 12 MOTION TO STRIKE ADDED CLAIMS TO PLAINTIFF'S AMENDED COMPLAINT; MAKE FOR DEFINITE; AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.<br>Request for Oral Argument |

Pursuant to LR 7-1, counsel for defendant certifies that good-faith effort to confer with plaintiff pro se regarding the issues raised in these motions is problematic.  Defense counsel's past attempts and experience with plaintiff to confer on similar legal matters have failed and like the court, correspondence is typically returned thus the parties have been unable to resolve the issues. It is defense counsel's good faith belief that the parties will be unable to resolve the issues raised in these motions without the assistance of the Court.

1.     Pursuant to FRCP Rule 12(f) and FRCP 15, defendant moves the court for an order striking Plaintiff's new claims as they are outside the court's order to amend the complaint and Plaintiff failed to confer with opposing counsel before adding these claims.

2.      Pursuant to FRCP 12(e), defendant moves the court for an order for plaintiff to make a more definite statement in order to allege a claim of fraudulent misrepresentation and conspiracy to defraud, and Plaintiff's additional claims of Abuse of Process, False Imprisonment, Negligent Misrepresentation, Defamation Per Se and Conspiracy to Defame.

3.      Pursuant to FRCP 12(b)(6), defendant moves the court for an order dismissing plaintiff's third though ninth cause of actions because plaintiff has failed to state a claim upon which relief can be granted.

## POINTS AND AUTHORITIES
Memorandum in Support of Defendant's FRCP 12 Motions
FRCP Rule 12(f)
FRCP Rule 15
*Kelly v. McBarron*, 258 Or. 149, 154, 482 P.2d 187 (1971)
*Stone v. Finnerty*, 182 Or App 452, 50 P3d 1179, 1185 (2002) (Citing to *Buckel v. Nunn*, 133 Or.App. 399, 405, 891 P.2d 16 (1995), quoting *Walker v. City of Portland*, 71 Or.App. 693, 697, 693 P.2d 1349 (1985)
*Hiber v. Creditors Collection Service*, 154 Or.App. 408, 413, 961 P.2d 898, rev. den. 327 Or. 621, 971 P.2d 413 (1998)
FRCP 9(b)
*Conzelman v N.W.P. & D. Prod. Co.*, 190 Or 332, 350, 225 P2d 757 (1950)
*Musgrave v. Lucas*, 193 Or 401, 410, 238 P2d 780 (1951)
Restatement (Second) of Torts §559 (1977)
*Brown v. Gatti*, 341 Or 452, 458, 145 P3d 130 (2006),
*Wallulis v. Dymowski*, 323 Or 337, 342B343, 918 P2d 755 (1996)
*Bonds v. Landers*, 279 Or. 169, 174, 566 P.2d 513 (1977)
FRCP 12(b)(6)

Dated this 10th day of December, 2018.

Douglas M. McGeary, OSB # 880793
2 N. Oakdale Ave.
Medford, OR  97501
541-779-4647
541-734-7269 fax
doug@douglasmmcgeary.com
Attorney for Defendants

Douglas M. McGeary, OSB # 880793
2 N. Oakdale Ave.
Medford, OR  97501
541-779-4647
541-734-7269 fax
doug@douglasmmcgeary.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **G. SMITH,**<br>            **Plaintiff** | **Civil No.  1:17-CV00712-CL** |
| **v.** | **MEMORANDUM IN SUPPORT OF DEFENDANT'S FED. R. CIV. P. 12 MOTIONS TO AMEND SECOND AMENDED COMPLAINT** |
| **JILL LIMERICK,**<br>            **Defendant.** | |

I.

**MOTION TO STRIKE**

FRCP 12(f) Impertinent Matter

1.      FRCP Rule 15 allows a party to amend ". . .its pleading only with the opposing party's written consent or the court's leave."  The Court's order (09/26/18) gave Plaintiff leave to amend the complaint as to claims of fraud and conspiracy to defraud. Plaintiff did not seek defendant's consent or the court's leave to add counts 3-5 and 7, 8, all of which are separate and distinct claims from the original complaint.  These matters are impertinent to what the court granted in its order and should therefore be struck from the complaint.

II.

**MOTION FOR MORE DEFINITE STATEMENT**

Page 1  of  7 – **Memorandum in Support of Defendant's FRCP 12 Motions**

FRCP 12(e)

2.      In the alternative, and without waiving the foregoing motion, Defendant moves

the court for an order that Plaintiff make Counts 3 - 9 more definite.


POINTS AND AUTHORITIES

3.      In Plaintiff's third claim, Abuse of Process, the facts alleged bear no relation or

connection to meaning of abuse of process and a cause of action.  Abuse of process is "the

perversion of legal procedure to accomplish an ulterior purpose when the procedure is

commenced in proper form and with probable cause." *Kelly v. McBarron*, 258 Or. 149, 154, 482

P.2d 187 (1971).  Plaintiff fails to describe what legal procedure is even implicated in

circumstances stated within her claim.  Plaintiff's third claim needs to be more definite in order

for Defendant to respond.

4       In Plaintiff's fourth claim, False Imprisonment, the facts described do not support

what is otherwise a legal definition of false imprisonment, which is "'the unlawful imposition of

restraint on another's freedom of movement.'" *Stone v. Finnerty*, 182 Or App 452, 50 P3d 1179,

1185 (2002) (Citing to *Buckel v. Nunn*, 133 Or.App. 399, 405, 891 P.2d 16 (1995), quoting

*Walker v. City of Portland*, 71 Or.App. 693, 697, 693 P.2d 1349 (1985).  The *Stone* court states

that to establish such a claim, "(1) [the] defendant must confine [the] plaintiff; (2) [the] defendant

must intend the act that causes the confinement; (3) [the] plaintiff must be aware of the

confinement; and (4) the confinement must be unlawful." *Hiber v. Creditors Collection Service*,

154 Or.App. 408, 413, 961 P.2d 898, rev. den. 327 Or. 621, 971 P.2d 413 (1998)" *Id.*

Plaintiff's descriptions of the circumstances of her location and who was there does not establish

that she or anyone else was under arrest or prevented from leaving much less why a reasonable

Page 2  of  7 – **Memorandum in Support of Defendant's FRCP 12 Motions**

person would think they were confined. Therefore the Plaintiff's fourth claim needs to be more definite in order for Defendant to respond.

     5.    Plaintiff's fifth claim, Negligent Misrepresentation, states that Defendant and Plaintiff discussed some unintelligible description of the suitability of the premises for rent and then simply alleges that it did not fit such a description and that Defendant knew it without identifying how the premises did not fit the description or when this non-suitability was supposed to have occurred. Plaintiff's fifth claim needs to be more definite or should be dismissed.

     6.    In Plaintiff's sixth cause of action in her second amended complaint, Fraudulent Misrepresentation, obviously related to her claim of fraud in Plaintiff's original and first amended complaint, she once again fails to allege facts that support a claim of fraud.

     Pursuant to FRCP 9(b),

> "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge and other conditions of a persons's mind may be alleged generally."

The elements of actual fraud require 1) a representation, 2) it's falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, 5) the speaker's intent that the listener act upon the representation, 6) the listener believed it true, 7) the listener relied on its truth, 8) the listener's right to rely on its truth, and 9) that reliance resulted in damage to the listener. *Conzelman v N.W.P. & D. Prod. Co.*, 190 Or 332, 350, 225 P2d 757 (1950); *Musgrave v. Lucas*, 193 Or 401, 410, 238 P2d 780 (1951). Plaintiff claims that she called Defendant to claim that she (Plaintiff) was locked out of her house.  Plaintiff then admits that such a claim was false and Defendant knew it. (Second Amended Compl. ¶54) This is a contradiction that makes no sense unless true, in which case the Plaintiff alleges a complete defense and the matter should be dismissed.

7.     Plaintiff goes on to describe the Defendant's state of mind and intentions without explaining how she would know what Defendant was thinking without some ultimate fact or objective evidence to indicate or imply what the Defendant was thinking. (Second Amended Compl. ¶54)

8.     The rest of the following paragraphs in Plaintiff's sixth cause of action are similarly disjointed.  Plaintiff suggests, for instance, that a police officer was intending to arrest the Plaintiff based upon what the Defendant told the officer.  She provides no evidence of what the Defendant told the officer or in what context the officer of his office was called to be present at her location or to stand by.  There is no evidence of what the officer said to the Plaintiff or anyone else.  The only fact that is apparent is that the Plaintiff was never arrested.  Plaintiff's rambling of allegations appear as creations she has conjured up in her mind without evidence that the officer actually intended to stop much less arrest the Plaintiff.  (Second Amended Compl. ¶56) Every paragraph intended to support Plaintiff's sixth cause of action is so vague or ambiguous that the Defendant cannot reasonably prepare a response.

9.     In Plaintiff's final four paragraphs in her sixth claim, ¶64-67, Plaintiff alleges a misrepresentation is material to her injury without ever definitely explaining what was misrepresented.  Plaintiff follows in these final paragraphs to describe how persons on social media and "countless individuals" relied upon some undefined misrepresentation as material to her injury.  These assertions throughout Plaintiff's sixth claim are so vague and general that Defendant can not respond.   Therefore the Defendant moves the court to order plaintiff to make her claim more definite.

10.     Plaintiff's seventh and eighth claims pertain to defamation. Defamation, under

Oregon law, requires the defendant to communicate a false and defamatory fact about the defendant to a third person and that such communication injured the party.  Restatement (Second) of Torts §559 (1977); _Brown v. Gatti_, 341 Or 452, 458, 145 P3d 130 (2006), _Wallulis v. Dymowski_, 323 Or 337, 342B343, 918 P2d 755 (1996).  Plaintiff's claims contains no evidence as to the contents of any communication Defendant was supposed to have made, what was false about these purported statements, when these statements were supposed to have been made, nor does either claim indicate how Plaintiff was injured.  Therefore the Defendant moves the court to order plaintiff to make her seventh and eighth  claims more definite.

11.    In Plaintiff's eight and ninth claim in her second amended complaint, she alleges conspiracy to defame and to defraud respectively.  Defendant restates its sixth through tenth paragraphs above.  Under Oregon law, the elements of a civil conspiracy are:

> "(1) Two or more persons * * *; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." _Bonds v. Landers_, 279 Or. 169, 174, 566 P.2d 513 (1977)

(citations omitted).  Plaintiff fails to indicate in her second amended complaint how these individual defendants were supposed to know each other, and, under either claim, what they were agreeing to do or why.  There is nothing in plaintiff's claims describing any incentive the defendants may have had in order to come to a meeting of the minds to commit these wrongs as Plaintiff claims. Without any substance to the Plaintiff's claims, the Defendant can not adequately respond to the complaint. Therefore the Defendant moves the court to order plaintiff to make her eighth and ninth claims more definite.

III.

MOTION TO DISMISS
FRCP 12(b)(6) Failure to State a Claim

Page 5  of  7 – **Memorandum in Support of Defendant's FRCP 12 Motions**

12.    In the alternative, and without waiving the foregoing motion, pursuant to FRCP 12(b)(6), defendant moves the court for an order dismissing plaintiff's sixth (Fraudulent Misrepresentation) and ninth (Conspiracy to Defraud) cause of actions because Plaintiff has failed to state a claim.

POINTS AND AUTHORITIES

13.    Defendant restates paragraphs 6-8 and 11 above.

14.    This is Plaintiff's third attempt to plead fraud as a cause of actions and with each attempt it is ever more obvious as to the absence of evidence with regard to falsity, materiality and therefore the speakers knowledge of falsity. The claim of fraud is simply not applicable in this case.   Consequently, Plaintiff fails to establish civil conspiracy by Defendant to commit fraud.  Once again having opportunity to conform her pleadings, Plaintiff can not (because she can not) allege a claim of fraud or conspiracy to defraud that can be supported according to Oregon legal doctrine, _Conzelman_ at 190 Or 332, 350 and _Musgrave_, 193 Or at 410, and as required under FRCP 9(b).   Because Plaintiff can not state a claim of fraud or conspiracy to defraud under Oregon law,  plaintiff's sixth and ninth cause of actions should be dismissed.

MOTION TO DISMISS
FRCP 12(b)(6) Failure to State a Claim

15.    In the alternative, and without waiving the foregoing motion, pursuant to FRCP 12(b)(6), defendant moves the court for an order dismissing plaintiff's sixth (Fraudulent Misrepresentation) and ninth (Conspiracy to Defraud) cause of actions because Plaintiff has failed to state a claim.

POINTS AND AUTHORITIES

Page 6  of  7 – **Memorandum in Support of Defendant's FRCP 12 Motions**

16.    Defendant restates paragraphs 1 - 5 and 9 - 11.

17.    Plaintiff simply added new claims in her second amended complaint without conferring with opposing counsel nor having leave of the court. FRCP 12(f)

18.    Furthermore, allegation in each of the Plaintiff's additional claims, Claim 3 (Abuse of Process), Claim 4 (False Imprisonment), Claim 5 (Negligent Misrepresentation), Claim 7 (Defamation Per Se) and Claim 8 (Conspiracy to Defame), lack elements necessary to support such claims or are so unintelligible that it is apparent that the facts do not exist to support the elements of the claims.  Therefore, these additional claims should be dismissed.

Dated this 10th day of December, 2018.

Douglas M. McGeary, OSB # 880793
2 N. Oakdale Ave.
Medford, OR  97501
541-779-4647
541-734-7269 fax
doug@douglasmmcgeary.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that on December 10, 2018, I served a true copies of this DEFENDANT'S FRCP 12 MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT on:

  G. Smith
  55 Willow Way
  Sedona, AZ 86336
  Plaintiff pro se

By United States Postal Service, addressed to the named plaintiff, or by causing to hand-delivered to that
same address an exact copy thereof, or by faxing an exact copy to his or her last know facsimile number.

Douglas M. McGeary, OSB# 880793
2 N. Oakdale Ave.
Medford, OR  97501
541-779-4647
541-734-7269 fax
doug@douglasmmcgeary.com
Attorney for Defendants