G. Smith, M.A, J.D.
55 Willow Way
Sedona, AZ  86336

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | | |
|---|---|---|
| G. SMITH, | ) | CASE NO.: 117CV00712CL |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM |
| | ) | IN OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO STRIKE, MOTION FOR A |
| v. | ) | MORE DEFINITE STATEMENT AND |
| | ) | MOTION TO DISMISS PLAINTIFF'S |
| JILL LIMERICK | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| Defendant. | ) | Request for Oral Argument |
| | ) | by Telephone Conference |

## 1.    INTRODUCTION

Plaintiff hereby submits its opposition to Defendant's Motion to Dismiss Plaintiff's

Second Amended Complaint relying upon the authorities below.

Defendant's arguments in support of a motion to dismiss, motion to strike and/or motion

for a more definite statement all patently lack merit, as follows.

## II.  ARGUMENT

### A.  Plaintiff's Complaint Contains Sufficient Allegations to State a Claim for Relief.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations,

accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009.) "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*., quoting *Bell Atl. Corp.* v. *Twombly*, 550 *U.S.* 544, 570 (2007).  Most importantly for the instant matter, "the *plausibility* standard is *not* akin to a *probability* requirement…" *Id.*  (ital. added).

Defendant's multiple inapposite requests of Plaintiff to provide more and more evidence amount to a demand for proof.  Such requests exceed the plausibility standard*, supra,* governing what requirements must be satisfied to sustain a Rule 12(b)(6) motion.

Under fact or notice pleading, the threshold test of any motion to dismiss is whether Plaintiff has provided a cognizable claim.  A claim alleging ultimate facts, as each amended claim of Plaintiff so alleges, cannot be supported by documentation, witness testimony, or other such indicia of proof positive.   Beyond the plausibility standard there is absolutely no "require[ment that] specific facts be adduced by sworn testimony" or the like at this stage of the proceedings,.   *Lucas v. S.C. Coastal Council,* 5O5 U.S. 1003, 1014 n.3 (1992).

For purposes of ruling on a motion to dismiss "courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422U.S. 490, 501(1975).  Alternatively phrased, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] "presum[es] that general allegations embrace those specific facts that are necessary to support the claim."' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990).   From such allegations, the court is required to draw reasonable inferences in support of such allegations that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678

1
2    Plaintiff has now amended the complaint pursuant to the Court's order, carefully pleading
3    with requisite specificity all necessary elements including but not limited to such ultimate facts
4    as required, constituting a cognizable claim for relief in each and every amended claim.  Failure
5    of the Court to draw a reasonable inference of misconduct from said claims would give rise to
6    reversible error.
7
8    **B.  Relation Back Authorizes Plaintiff's Second Amended Complaint.**
9    **1.  Leave to Amend is Freely Given.**
10   Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice
11   so requires." Such leave, if an amended complaint's parties and claims relate back to the original
12   complaint as they clearly do in the instant matter (*infra*), may be granted by either opposing
13   party's consent **OR** the court.  FRCP Rule 15(a)(2). The Court's order of September 2018
14   dismissed certain of Plaintiff's claims and clearly granted Plaintiff leave to amend the complaint.
15
16   Alternatively, defense counsel's objection cannot carry the weight of materiality, for if
17   indeed the Court intended to constrain Plaintiff from amending two claims without amending the
18   entirety of the complaint, leave to do so is "freely given" in any event.  The policy governing
19   such leave is to be interpreted with "extreme liberality." *Jackson v. Bank of Hawaii*, 902 F.2d
20   1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981));
21   *Morongo Band of Mission Indians*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Moreover, "liberally
22   granting leave to amend is not dependent on whether the amendment will add causes of action or
23   parties." *DCD Programs, Ltd. v. Leighton*, 833F.2d183, 186 (9th Cir.1987)
24
25
26
27
28

**2.  Plaintiff's Amendments Arise Out of the Original Complaint.**

Plaintiff's additional claims and parties arise out of the exact same nexus of events previously established in Plaintiff's initial pleading.  Said fact is in accordance with FRCP Rule 15(c)(1)(B) requiring that any amendment made under the doctrine of relation back assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out—*or attempted to be set out*—in the original pleading." (ital. added)

**3.  Each Requirement of the Relation Back Doctrine is Satisfied.**

The threshold test of whether an amended complaint "relates back" is to an initial complaint is whether said pleading relates to the same general conduct or wrong complained of in the original pleading.  *Swartz v. Gold Dust Casino*, Inc. 91 F.R.D. 543, 545–46 (D. Nev. 1981); *De Malherbe v. Int'l Union of Elevator Constructors*, 449 F. Supp. 1335, 1354–55 (N.D. Cal. 1978).  The test is satisfied when the liability-creating events alleged in the amendment are "but different invasions of [plaintiff's] primary right and different breaches of the same duty." *Blair v. Durham*, 134 F.2d 729, 731 (6th Cir. 1943)

Alternative tests include:

(1) whether there is a "common core of operative facts" uniting the original and newly asserted claims (*Mayle v. Felix,* 545 U.S. 644, 646 (2005); *FDIC v. Jackson,* 133 F.3d 694, 702 (9th Cir. 1998));

(2) whether there has been fair notice of the transaction, occurrence, or conduct involved; (FRCP Rule 15(c)(1)(C); *Morell v. United States*, 91 F. Supp. 2d 451,457 (D.P.R. 2000)); and

 (3) whether plaintiff will rely on the same kind of evidence offered in support of the original claim to prove the new claim as opposed to whether the same legal theory is asserted.  . "

*Percy v. S.F. Gen. Hosp.,* 841 F.2d 975, 978 (9th Cir.1988) (quoting *Rural Fire Prot. Co. V. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966).

As previously argued before and upheld by this Court, Defendant had both a statutory and common law duty not to cause the type of harm that Defendant did in fact cause Plaintiff. Defendant did so with the encouragement as well as material assistance of others, several of whom are now named in the Second Amended Complaint.  Therefore, Plaintiff's complaint satisfies each test iterated above for whether its amended claims and parties relate back:

(1) the events at issue arise out of a common nexus of operative facts, *supra;*

(2) pursuant to FRCP Rule 15(c)(1)(C)(ii) the newly-added Defendants knew or should have known that an action would be brought against them but for the mistake of Plaintiff's lack of initial knowledge of their concerted action against Defendant; and

(3) Plaintiff will rely on the same evidence supporting the original complaint to prove facts of the newly amended complaint.

**C.  Plaintiff's Amendments are Not Subject to a Motion to Strike.**

Similar to Defendant's lack of a legally cognizable basis for its motion to dismiss, *supra,* Defendant's motion to strike pleaded in the alternative also fails for reasons as follows.

**1.  A Motion to Strike is Improper in the Instant Context.**

A motion to strike should not be used to seek dismissal of all or part of a claim that can be addressed via Rule 12(b)(6). C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380.  Unlike the purpose for which Defendant seeks to use it, a Rule 12(f) motion is properly used to strike an affirmative defense that is insufficient as a

matter of law.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, *Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982)

Most importantly, objections constituting the basis of Defendant's motion to strike, fundamentally all contested issues of fact, cannot form the basis of such a motion: "Disputed questions of fact cannot be decided on a motion to strike." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, *Fla*, 306 F.2d 862, 868 (5th Cir. 1962); see also *Whittlestone v. Handi-Craft Co.* (9th Cir. Aug. 17, 2010) No. CV 08-04193 SBA. (N.D. Cal. Nov. 18, 2008), holding that Rule 12(f) motions are unavailable as a matter of law for cognizable claims alleging damages.

**2.  Defendant's Motion to Strike Contains Inaccurate Allegations of Impertinence.**

Even if the use of a motion to strike were to be somehow considered a proper alternative to Defendant's motion to dismiss, because Plaintiff did not seek Defendant's unnecessary consent does not *ipso facto* indicate, as Defendant's elision between such statements appears to suggest, that Plaintiff's amendments are impertinent.  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)  On the contrary, Plaintiff's claims clearly attest to the exact same nexus of facts, the same issues in question, the same damages as raised in the original complaint.

**D.  Plaintiff's Amendments Provide Sufficiently Definite Facts.**

In fact, contrary to Defendant's allegations, each of Plaintiff's amended claims are carefully and properly pled so as to provide all requisite elements of each claim, as follows.

**i. Plaintiff's Third Claim is Properly Pled.**

Defendant incorrectly alleges that Plaintiff's third claim, abuse of process, "fails to describe what legal procedure is even implicated in circumstances stated within her claim." Said legal procedure is patently evident from a plain reading of the facts in the claim, showing precisely what illegitimate legal procedure Defendant utilized. Attempted arrest and other perversions of legal process constitute abuse of process within the meaning of a civil or criminal legal procedure when unjustified by the underlying action. *Cartwright v. Wexler, Wexler & Heller, Ltd.*, 369 N.E.2d 185, 187 (Ill. App. Ct. 1977). In the instant matter, Defendant had neither right nor reason to summon the sheriffs in an attempt to have Plaintiff and family arrested under a pretense that Plaintiff would be meeting with her. The facts of the matter clearly demonstrate the existence of an ulterior purpose or motive underlying improper abuse of process. An action for abuse of process lies where process is used "to obtain an unjustifiable collateral advantage." *Younger v. Solomon*, 113 Cal. Rptr. 113, 118 (Cal. App. 1974)

Plaintiff has both sufficiently pled details of Defendant's ulterior motive, in addition to its application to a willful act in a wrongful manner, thus constituting a cognizable abuse of process claim. *Coleman v. Gulf Ins. Grp.*, 718 P.2d 77, 81 (Cal. 1986).

**2. Plaintiff's Fourth Claim is Properly Pled.**

Defendant's mischaracterization of Plaintiff's claim for false imprisonment, viz., that "Plaintiff's descriptions of the circumstances of her location and who was there does not establish that she or anyone else was under arrest or prevented from leaving much less why a reasonable person would think they were confined" is simply incorrect, twisting the plain language of the amended complaint. In the instant claim Plaintiff clearly states how and why Plaintiff and family were prevented from leaving: as witnessed by an acquaintance of Plaintiff's,

a sheriff acting at the behest of Defendant ordered them without their even so much as having

left their vehicle to remain stationed therein with the windows rolled up, even though they were

on the premises lawfully and had not even exited their vehicles at the time such command was

issued.  A reasonable person would not think of countermanding such an order, which

unquestionably constitutes confinement.  Contrary to Defendant's allegations, each element of

false imprisonment has been properly pled, along with sufficient detail to survive dismissal and

be heard by a trier of fact.

### 3. Plaintiff's Fifth Claim is Properly Pled.

Contrary to Defendant's allegations regarding Plaintiff's claim for negligent

misrepresentation, Plaintiff clearly articulates the basis for such claim (¶46):  that Defendant

knew or had reason to know how and why the property at issue would be inappropriate for

Plaintiff and family.  Although Plaintiff did not discover reasons for such inappropriateness until

later, including but not limited to the fact that Defendant had rented the premises the premises at

issue to a recovering heroin addict, information Defendant knew of or should have known,

Defendant was unquestionably negligent by misrepresenting facts on which Plaintiff justifiably

relied, the details of which are precisely iterated in the instant claim, as further evidence adduced

at trial will prove.

### 4. Plaintiff's Sixth Claim is Properly Pled.

Defense counsel's argument alleges a blatant  "contradiction" contained in Plaintiff's

sixth amended claim for fraudulent misrespresentation, viz.: "Plaintiff claims that she called

Defendant to claim that she (Plaintiff) was locked out of her house. Plaintiff then admits that

such a claim was false and Defendant knew it." This allegation is completely unintelligible.

Perhaps defense counsel fails to parse complex yet grammatically accurate sentence structure in

which Plaintiff refers not to any false claim of being locked out, but rather to a false claim regarding purported reimbursement for hotel expenses.

Defendant's objection to Plaintiff's final four paragraphs of the sixth claim, paragraphs 64 – 67, that Plaintiff recites specific facts attesting to fraudulent misrepresentation "without ever definitely explaining what was misrepresented" is clearly incorrect.  A plain reading of Defendant's multiple fraudulent misrepresentations contained in the one claim precisely articulates what constituted such multiple misrepresentations: i.e., "by placing or causing to be placed on Craigslist a profoundly defamatory statement about Plaintiff and family stating they were scammers;" when in fact Plaintiff and family were the opposite of such; by Defendant's having invented the existence of a fictitious lawyer, who under her agency who made factually incorrect statements about Defendant's having acted alone that Plaintiff only later discovered were untrue to Plaintiff's detriment.

In sum, as a careful, methodical reading of the amended complaint clearly provides, each paragraph of Plaintiff's sixth claim for relief, contrary to defense counsel's objections, meets or exceeds fact pleading's evidentiary standards articulated in *Conzelman* (*Conzelman v. N.W.P. & D. Prod Co..* 190 Or 332, 350, 225 P2d 757 (1950)) and *Musgrave*.  (*Musgrave v. Lucas,*193 Or 401, 410, 238 P2d 780 (1951).  Furthermore, evidentiary presumptions governing *Musgrove* and *Conzelman* provide that certain inferences, facts presumed by law such as "[a] person intends the ordinary consequences of a voluntary act" are permitted at this stage of the proceedings.  ORS 40.135(a).

Defense counsel's *ad hominem* attacks, in lieu of legal argumentation, do not negate a plain reading of the amended complaint.  Defendant's unfounded objections - to strike, to

dismiss, to make more definite – to Plaintiff's claims for relief, in particular to Plaintiff's sixth

claim, are more accurately seen in light of they in fact are:  dilatory and without merit.

### 5.  Plaintiff's Remaining Claims are Properly Pled.

Contrary to defense counsel's continuously baseless *ad hominen* attacks referred to

above, to wit, "rambling allegations,"  "creations conjured up," "so unintelligible", that so

formidably mischaracterize *prima facie* facts contained in Plaintiff's complaint, each remaining

amended claim incorporates every element necessary for relief; each amended claim provides

sufficient facts "to presume general allegations embrace [such further] specific facts that are

necessary to support the claim" pursuant to *Lujan v. Defenders of Wildlife*, *supra*.

Defense counsel's generalized assertions in his motion to dismiss, such as that contained

in concluding paragraph that "[f]urthermore…allegation [sic] in each of the Plaintiffs additional

claims,**…**lack elements necessary to support such claims" are almost entirely unsupported.

Apart from a few concrete instances*, supra*, made for the purpose of lodging unsupported

objections regarding how a claim's purportedly missing elements allegedly defeat it, defense

counsel repeatedly substitutes, in lieu of such specificity, as if such could constitute proof of

such baseless allegations, incantatory recitation of the claim's requisite elements.  There is

simply no consistently accurate iteration, when indeed there is any, tying such recitation to the

purportedly omitted elements at issue.  In instances where defense counsel does specify such

objections, mischaracterization and immateriality strain credulity:  e.g., when defamation is

placed on the World Wide web, obviously "countless" individuals are necessarily affected.  As to

specific individuals who were affected, they are in fact named.

In fact, Plaintiff possesses copious evidence, documentary as well as testamentary,

including but not limited to such proof as intercepted email as well as other publications, that

provides ample evidence of the profoundly damaging, ongoing effects of Defendants'
defamation *per se*.  Expressly initiated and orchestrated by the amended complaint's newly
named co-defendants working unambiguously in concert with, indeed directing and encouraging
Defendant as Plaintiff later discovered, such evidence shall be presented at trial.  It is immaterial
for the purposes of a motion to dismiss.

In the absence of fully iterated specific identification of purportedly missing elements in
Plaintiff 's claims, defense counsel's inaccurately characterized blanket assertion that such
elements are omitted suffers from the very problem of which he complains: vagueness and
ambiguity, when not outright ignorant of the standards by which a 12(b)(6) motion is governed.
Defense counsel's apparent inability to process compound sentence structure is no substitute for
a meritorious argument to dismiss.


CONCLUSION

Plaintiff has shown good cause to clarify the claims at issue by amending the complaint
to provide specificity as ordered.  Because Plaintiff has clearly pled accurately amended, more
narrowly articulated claims of fraud with specificity, Defendant's request for a more definite
statement lacks merit.  Defendant's motion to dismiss similarly fails to provide sufficient
grounds to support such motion.  Therefore, Defendant's motion to dismiss, without merit,
should be dismissed.

Dated: December 24, 2018


_____/s/_____
                        G. Smith, M.A., J.D

1

2
CERTIFICATE OF SERVICE

3
I hereby certify that on the above-stated date I caused to be served a true and correct copy of the above-stated memorandum in opposition to:

4

5
Douglas McGeary
2 N. Oakdale Ave.

6
Medford, OR  97501

7
_____/s/_____
G. Smith, M.A., J.D.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28