G. Smith, M.A, J.D.
55 Willow Way
Sedona, AZ  86336

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| G. SMITH, | CASE NO.: 117CV00712CL |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WILT'S MOTION TO DISMISS |
| v. | |
| JILL LIMERICK, BARBARA WILT JAMES SANSONE | |
| Defendants. | Request for Oral Argument by Telephone Conference |

1. **INTRODUCTION**

Plaintiff hereby submits its opposition to the motion to dismiss Plaintiff's Second Amended Complaint filed by Defendant Wilt ["Defendant"].

Defendant's arguments in support of her motion to dismiss patently lack merit, as follows.

II. **ARGUMENT**

**A. Defendant Presents No Legally Cognizable Grounds to Dismiss.**

Defendant Wilt ["Defendant"] moves the Court to dismiss pursuant to "12(b)6 Code of Civil Procedure [ – Section 425.16 SLAPP finding."   Defendant proceeds to enumerate her grounds, entitled as follows:

"1. I should not have to be in Oregon…"

"2. California SLAPP suit means she can't sue me for anything…"

However, California's Code of Civil Procedure Rule 12(b)(6) does not apply to the instant complaint.  Giving Defendant the benefit of the doubt to assume reference to FRCP Rule 12(b)(6), Defendant nonetheless fails to articulate a single legally cognizable ground that would enable it to dismiss under said Rule.  *Ad hominem* attacks, whingeing and statements with no basis in actual fact do not and cannot stand in for such grounds.

Similarly, Defendant's citation to "Section 425.16 SLAPP" additionally provides no grounds whatsoever to dismiss.  Defendant has never prevailed in any SLAPP finding.

Moreover, disputed facts regarding Defendant's collusive conduct have never, *in any action*, SLAPP or otherwise, reached a trier of fact.  This is because Plaintiff's incompetent former attorney, incorrectly claiming his absence was excused, failed to show up for the original superior court trial against Defendant after Plaintiff labored for years to bring the case forward, resulting in a highly improper default judgment.  Since then, no contested trial before any timely demanded jury has ever been litigated as to such collusive conduct; deep pockets concertedly sought and to date were able to prevent such action.

**B.     Defendant's Third Ground to Dismiss is Subject to a Motion to Strike**

Finally, Defendant's remaining purported ground for dismissal, entitled

"3.  Please issue and [sic] injunction..."

is improperly interposed therein for the purpose of harassment.  A failed attempt to silence Plaintiff from speaking out about criminal and tortious action constituting massive damage for over a decade to Plaintiff by concordance of actors including but not limited to Defendant, Defendant's request presents no legally cognizable Rule 12(b)(6) ground to dismiss.  Because it is improper as to form and content, immaterial and impertinent pursuant to Rule 12(f), it is subject to a motion to strike, reserved in the event Defendant's meritless motion prevails.

### C. Adjudication of Specific Facts Are Determined by the Trier of Facts.

Defendant complains that Plaintiff "left out" facts in the complaint at issue. As reiterated in three prior motions to dismiss before the Court in the instant matter, beyond the plausibility standard under consideration in any motion to dismiss, there is absolutely no "require[ment that] specific facts be adduced" at this stage of the proceedings. *Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1014 n.3 (1992).

True, Plaintiff did not recite such material facts Defendant's having operated a thoroughly illegal unit carved out of a basement garage, missing an exterior wall. Nor did Plaintiff cite a threshold issue – in retrospect, a dispositive issue, upon which any legitimate adjudication would have negated all further claims: because said unit violated the City zoning code unambiguously prohibiting such units in its single-family-zoned neighborhood, Defendant had neither the legal right to collect any monies on it, to enter into litigation over it, nor to contract for it. Under California law, Defendant simply was not a lessor: Defendant had no legal unit to lease.

That the unit was life-threateningly substandard, violating 70+ health safety regulations including dangerous electrical/plumbing ad hoc installations made without benefit of mandatory permits, as documented in a report by the city's Housing Inspector, as it in fact was; that Defendant, operating under direction of other parties including but not limited to named defendants herein, engaged in years of egregiously tortious conduct for the purpose of, *inter alia*, intentionally destabilizing Plaintiff's family, as she in fact did; are amongst an ocean of facts immaterial to the instant motion to dismiss. To the extent that they become relevant to the trier of fact, to the extent that they are discoverable and material, they are such aforementioned "specific facts," irrelevant at this stage of the proceedings. *Id*. at 1014.

**D. Defendant's Material Perjury Constitutes Intrinsic Fraud Upon the Court**

Defendant's ignorant venality on display in her motion to dismiss is problematic but her intentional perjury constitutes intrinsic fraud. Of course Defendant is lying about her collusive activities (tellingly hiding behind repetition of the phrase "even if I did") with Defendant Lim. However, in just one yet highly material example in a motion permeated with perjury, Defendant repeatedly mentions her "huge expenses" in purported legal fees. Yet Defendant appears to forget having admitted under oath in a sworn deposition that Defendant herself paid no legal fees whatsoever in actions against Plaintiff.

Who did? Who continues to do so? Who recruits, who pays the substantial legal fees for, as recently as two years ago, multiple attorneys in multiple states to *initiate* litigation against Plaintiff? Who paid mountains of fees for the unethical antics of Defendant's attorney working in concert with Defendant Sansone to, *inter alia*, ply the press with fake facts regarding such litigation, to seek out members of the community to initiate frivolous suits against Plaintiff at no charge to them, to materially assist individuals outside his state to do so? Why? Answers to said questions are discoverable. They are also necessary to substantiate the complaint's allegations.

**E.     Defendant's Attachments are Improperly Lodged in her Motion to Dismiss.**

Defendant's choice of attachments, along with her noteworthy yet nonsensical request that the Court order Plaintiff to change a properly captioned complaint, is curious yet telling. Defendant clearly has another objective here apart from mere dismissal; said objective is a threshold issue in the instant complaint. Apparently not satisfied with over a decade's worth of working with others to decimate Plaintiff's ability to procure adequate or at even times any shelter whatsoever; to procure employment in a profession for which Plaintiff borrowed enormous loans and labored long years to qualify -- or indeed, for the most part, to procure any

employment whatsoever due to heinous saturation-level defamation Defendant helped guarantee Plaintiff remain in no position to contest; to obtain adequate health care or any health care at all; to retire with any savings whatsoever; to establish new or largely maintain old professional relationships; to successfully undertake entrepreneurial activity -- amongst other, barely quantifiable damages in terms of huge scope of their lethal effect -- Defendant, obsessed with Plaintiff's name, would now like to ensure that even more disinformation appears on the Internet.

As the U.S. does not recognize the European-upheld "right to be forgotten," Defendant's collusive torts, absurd default judgments, judgments without benefit of timely-requested jury trials and further decisions all based in turn on such error, now live forever on the Internet, proving the reality of Joseph Goebbels' *If you tell a lie big enough and keep repeating it, people will eventually come to believe it*. The actual facts of the matter – Plaintiff's whistleblowing – have been buried by deep pockets who richly financed over a decade of legal fees paid out to a certain type of lawyer, on behalf of supposed "clients" like Defendant possessing neither the educational nor financial resources to sue Plaintiff without their enabling support. All but one of Defendant's attachments reflect nothing more than said fact. The one that does not, a decision from an action initiated nearly 25 years ago, is addressed in a separate motion, *infra*.

The Ninth Circuit has recently clearly ruled against this Court's ability to take judicial notice of the type of document attached to Defendant's motion to dismiss. Said authority is referenced in the accompanying Motion to Strike and incorporated by reference herein.

### III.  CONCLUSION

Defendant fails to provide, either by inclusion of improper, impertinent, immaterial and non-judicially noticeable material or otherwise, sufficient grounds to dismiss.  Therefore, Defendant's motion to dismiss, without merit, should be dismissed.

Dated: March 28, 2019

_____/s/_____
G. Smith, M.A., J.D

## CERTIFICATE OF SERVICE

I hereby certify that on the above-stated date I caused to be served an electronic copy of the above-stated memorandum in opposition to Douglas McGeary, Barbara Wilt and John Girarde.

_____/s/_____
G. Smith, M.A., J.D.