G. Smith, M.A, J.D.
55 Willow Way
Sedona, AZ  86336

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# MEDFORD DIVISION

| | | |
|---|---|---|
| G. SMITH, | ) | CASE NO.: 117CV00712CL |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S RULE 12(f) MOTION |
| | ) | TO STRIKE NON-JUDICIALLY |
| v. | ) | NOTICEABLE MATERIAL |
| | ) | ATTACHED TO DEFENDANT WILT'S |
| JILL LIMERICK, BARBARA WILT | ) | MOTION TO DISMISS |
| JAMES SANSONE | ) | |
| | ) | |
| Defendants. | ) | Request for Oral Argument |
| | ) | by Telephone Conference |

Pursuant to L.R.7-1, Plaintiff was unable to confer with Defendant Wilt ["Defendant"] regarding the contents of the instant motion because Defendant does not answer the telephone nor does Plaintiff have Defendant's email address.  Defendant also rejects mail from Plaintiff as evidenced by return of the instant complaint Plaintiff mailed last January to Defendant's accurate address of record, stamped "no such occupant."

_____

Plaintiff hereby moves the Court, pursuant to FRCP Rule 12(f) and authorities as follows, to strike attachments to Defendant Wilt's Motion to Dismiss dated March 14, 2019, on the grounds that said material is not subject to judicial notice.

I.   ARGUMENT

A.   **Defendant's Attachments Are Outside the Scope of Judicial Notice.**

Defendant's one hundred pages of double-sided attachments to her motion to dismiss clearly fall outside the scope of the Court's judicial notice pursuant to *Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018).  While a district court may take notice of public records, "a [district] court cannot take judicial notice of disputed facts contained in such public records." *Id.* at 999.   Moreover, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."

It is precisely such unscrupulous use of said attachments, outside the four corners of Plaintiff's complaint, for precisely such ends that Defendant seeks to advance -  either by incorporation-by-reference or judicial notice.   Yet not a single document attached by Defendant contains facts *not* in dispute.   Not a single matter among said attachments has ever been decided by the denominated trier of fact.  Each and every matter was dismissed on technical grounds or otherwise terminated before a trial by jury as requested presented and resolved such facts.

One attachment does not exactly fit the above pattern.  In Plaintiff's litigation with Constance Cook, another Sonoma County property owner leasing an unpermitted, hazardous shed conversion, Plaintiff properly pre-empted its judge, under CCP §170.6, from hearing the matter.  Yet the matter went forward in any event with said judge at the helm, because Plaintiff, concerned for a repeat of Defendant Wilt's "trial" in which neither Plaintiff nor Plaintiff's attorney was present, during which a host of hostile, unrefuted witnesses were paraded before the Court and given front-page, uncontested coverage as to their testimony in such default hearing

by a prominent Bay Area newspaper contacted by Defendant Sansone, did not know enough at the time to walk about, to immediately appeal.

Not incidentally, said same superior court judge presided over Defendant Wilt's case against Plaintiff.  Not incidentally, Plaintiff had earlier drafted and won a rarely-issued interlocutory writ of mandamus against said judge for his statutorily improper handling of Defendant Wilt's case.  Not incidentally, said same judge refused to honor Plaintiff's timely request for a jury trial in the subsequent Cook litigation, forcing the matter into a veritable farce of bench trial during which he spent much time mocking Plaintiff *pro per*, excluding evidence, keeping out key witness, etc., in an extraordinary show of corrupt jurisprudence.

Disputed facts remain in dispute.

Yet Defendant's inclusion of the Cook decision is fundamentally immaterial to Defendant's motion to dismiss, as follows.  Moreover, it is improperly interposed at this stage of the proceedings.

**B. Defendant's Attachments are Highly Prejudicial.**

The Cook decision is not only is outside the scope of the instant complaint, it is obviously highly prejudicial -- as is every other attachment at issue.  Although FRE Rule 201 allows the Court to take judicial notice of adjudicative facts, *Khoja*'s key prohibition applies:  said decision cannot be used, nor can any other document so attached, to resolve competing theories of Plaintiff's complaint.

` As to Defendant's decision to attach a decision on litigation initiated in 1995, said attachment is precluded under *Khoja*'s reasoning as well.   Defendant obviously desires to impugn Plaintiff's character and undermine Plaintiff's credibility by twisting what facts she

could dig up to fit her version of events. Yet such maneuvering is expressly prohibited at this time in the instant litigation. As *Khoja* held,

> "If defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S.662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955,167 L.Ed.2d 929 (2007)) (articulating standard for "plausible" claim for relief at pleading stage). <u>Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine</u>."

Id., at 999.

**II. CONCLUSION**

Defendant fails to pinpoint, as required, precisely what facts are undisputed in the multiple attachments to her Motion to Dismiss. But even if Defendant could do or had done so, the fact remains that under *Khoja,* Defendant's attachments are manifestly outside the scope of judicial notice at this stage of the proceedings. Therefore, Plaintiff's motion to strike Defendant's attachments should be granted.

Dated: March 28, 2019

                                                _____/s/_____
                                                   G. Smith, M.A., J.D

CERTIFICATE OF SERVICE

I hereby certify that on the above-stated date I caused to be served an electronic copy of the above-stated memorandum in opposition to Douglas McGeary, Barbara Wilt and John Girarde.

_____/s/_____
G. Smith, M.A., J.D.