G. Smith, M.A, J.D.
55 Willow Way
Sedona, AZ  86336

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| G. SMITH, | CASE NO.: 117CV00712CL |
| Plaintiff, | PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND ORDER GRANTING DEFENDANT LIMERICK'S MOTION FOR LEAVE TO AMEND MOTION TO DISMISS |
| v. | |
| JILL LIMERICK, BARBARA WILT JAMES SANSONE | |
| Defendants. | Request for Oral Argument by Telephone Conference |

Pursuant to L.R.7-1, Plaintiff certifies that Plaintiff was unable to confer with counsel for Defendant Limerick ("Defendant") regarding the contents of the instant motion because communications are so strained between the parties as to have no effect on potential resolution of this matter without the instant motion.

———————

Plaintiff hereby moves the Court, pursuant to FRCP Rule 59(e) and authorities as follows, to vacate its judgment of April 8, 2019, granting Defendant Limerick's leave to amend its motion to dismiss along with supplemental motions made therein, on the grounds that said order was issued **before** Plaintiff's timely response was due to be filed.

<u>Facts.</u>

Defendant Limerick ("Defendant") filed its motion for leave to amend its motion to dismiss on March 25, 2019.  Accordingly, pursuant to L-R 7-1, Plaintiff had 14 days to respond.

Plaintiff's memorandum in opposition was therefore due to be electronically filed by midnight of April 8, 2019.

Plaintiff timely filed said memorandum before midnight of April 8, 2019. When Plaintiff subsequently checked email to confirm that such filing had been electronically served, Plaintiff noticed that the Court had already issued an order granting leave, effectively mooting Plaintiff's response.

Said order was improperly issued in advance of Plaintiff's statutory right to respond. Therefore, the judgment constitutes reversible error and must be set aside in its entirety.

Points and Authorities.

Rule 59(e) authorizes motions to alter or amend a judgment. A motion pursuant to FRCP 59(e) (sometimes called a motion for reconsideration) enables a party to seek modification or correction of a substantive judicial error or mistake within 28 days after entry of judgment (1946 Advisory Committee Notes to FRCP 59(e); *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982). A party can ask the court to vacate or set aside the judgment in its entirety, or request modification or correction of only some aspects of the judgment.

In the Ninth Circuit, a successful motion for reconsideration under Rule 59(e) must accomplish two goals. First, it must demonstrate some reason that the Court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See *White v. Sabatino*, 424 F. Supp.2d 1271, 1274 (D. Hawai`i, 2006); *Na Mamo O'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Hawai`i 1999).

The Ninth Circuit has set forth the grounds justifying reconsideration under Rule 59(e). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment

rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

The instant motion to vacate, necessary to correct a manifest error of law and required to prevent manifest injustice, is supported by the first and third grounds enumerated above. It is obviously impossible to brief a motion correctly in which one party has been prematurely prevented from responding.

Conclusion.

As stated, Plaintiff's memorandum in opposition was filed within the statutorily-allotted period to response. To allow its proper consideration, the Court's order must be set aside.

Dated: April 10, 2019

_____/s/_____
G. Smith, M.A., J.D.

CERTIFICATE OF SERVICE

I hereby certify that on the above-stated date I caused to be served an electronic copy of the above-stated memorandum in opposition to Douglas McGeary, Barbara Wilt and John Girarde.

```
                              _____/s/_____
                                 G. Smith, M.A., J.D.
```