G. Smith, M.A, J.D.
55 Willow Way
Sedona, AZ  86336

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | |
|---|---|
| G. SMITH, ) | CASE NO.: 117CV00712CL |
| ) | |
| Plaintiff, ) | REQUEST FOR REVIEW |
| ) | BY DISTRICT COURT JUDGE OF |
| v. ) | RULINGS ISSUED PRIOR TO |
| ) | FULL CONSENT |
| JILL LIMERICK, BARBARA WILT ) | |
| JAMES SANSONE ) | |
| ) | |
| Defendants. ) | |

Pursuant to L.R.73-3 and 28 U.S. Code § 636 (b)(1)(C), Plaintiff requests *de novo* review by district court judge of rulings issued by Magistrate Judge Mark Clarke.  Judge Clarke is presiding over the instant matter despite the fact that Plaintiff expressly did not consent to adjudication by magistrate judge.

In particular, Plaintiff requests review of an April 12, 2019 order by Judge Clarke denying Plaintiff's April 10th motion for reconsideration of his April 8th order.  In said April 8th order, Judge Clarke granted Defendant leave to amend a motion to dismiss (as well as join another defendant to said motion) **in advance** of considering Plaintiff's timely-filed memorandum in opposition.

As stated in said memorandum in opposition, at issue was the fact that Defendant improperly sought the Court's leave to amend its motion to dismiss – after said motion to dismiss had already been fully briefed and litigated.  There is no authority for such a procedurally illegitimate request (in fact, it is expressly disallowed, as Plaintiff's opposition makes clear) nor

did Defendant cite any such applicable authority. Moreover, contained within Defendant's motion for leave to amend were a series of further motions, all interposed before leave to amend had even been granted.

      As Plaintiff discovered upon filing, Judge Clarke had granted all of the above motions before Plaintiff filed in opposition later that same day, without allowing Plaintiff statutorily-mandated time to respond, clearly constituting reversible error. Then, on April 12th, as noted above, Judge Clarke quickly denied Plaintiff's motion for reconsideration on grounds of such reversible error.

      Again, Plaintiff expressly did not consent to adjudication by magistrate judge. Because Plaintiff was unaware, however, until the series of groundless, prejudicial rulings cited herein that Judge Clarke was in fact a magistrate judge, Plaintiff requests that the instant matter be reassigned to an Article III judge.

Dated: April 22, 2019

                                                  _____/s/_____
                                                       G. Smith, M.A., J.D.