IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GWENDOLYN SMITH,

Plaintiff,

v.

JILL LIMERICK, BARBARA WILT, and
JAMES SANSONE,

Defendants.

No. 1:17-cv-00712-CL
**ORDER AND OPINION**

AIKEN, District Judge:

Magistrate Judge Clarke previously granted defendant Jill Limerick's Motion for Leave Amend her previous Motion to Dismiss. (doc. 48) Plaintiff, Gwendolyn Smith, later filed a Motion for Reconsideration of this order (doc. 59) on the grounds that Judge Clarke granted the Motion to Amend before plaintiff responded in opposition to the Motion for Leave to Amend. Judge Clarke denied the Motion for Reconsideration as well as numerous, related Motions to Strike filed by plaintiff.

(doc. 67) Plaintiff has now filed Motion for Reassignment (doc. 69) of this case, which includes an appeal of the denial of her Motion for Reconsideration.

This matter is now before this Court. When a magistrate judge has ruled on a non-dispositive matter, the District Court may reconsider that decision only if the objecting party has "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *also* Fed. R. Civ. P. 72(a).

After careful review of plaintiff's submission, the Court finds no clear error in the Magistrate Judge's ruling allowing defendant Limerick to file an Amended Motion to Dismiss or in his denial of plaintiff's Motion for Reconsideration. Local Rule 7-1(e) governs the issue raised by plaintiff. For motions not brought under Fed. R. Civ. P. 56, the rule provides, in pertinent part, that "[a] party must file and serve any response within 14 days after service." L.R. 7-1(e)(1). Under its plain language, the rule does not guarantee parties a period of time to file a response, rather, it limits the period in which a response may be filed to fourteen days. *See All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1328 (9th Cir. 2013) (interpreting a similar local rule from the District of Nevada to mean that it did not guarantee parties a time to respond)

More importantly, the Federal Rules require that courts "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Magistrate Judge Clarke's Order allowed that plaintiff could request additional time file responses to the amended motion and other motions if needed, and it also provided the he would not rule on any of the other pending Motions to Dismiss until briefing

2 - ORDER AND OPINION

was completed on all pending motions. Thus, the Court does not find that Magistrate Judge clearly erred in allowing defendant Limerick it amend her Motion to Dismiss.

As to plaintiff's Motion for Reassignment to an Article III Judge, plaintiff argues that because she never consented for the case to be heard by a Magistrate Judge this case should be reassigned to an Article III Judge. However, this case was assigned to Magistrate Judge Clark consistent with 28 U.S.C. § 636, Fed. R. Civ. P. 72, and the local rules for the District of Oregon. The District of Oregon's Local Rules "designates every Magistrate Judge to conduct all pretrial proceedings authorized by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, without further designation or assignment." LR 72-1. The Court also randomly assigns newly filed civil cases to both Magistrate Judges and District Judges. See L.R. 16-1(a).

Thus, in accord with Fed. R. Civ. P. 72, Magistrate Judges may preside in cases and issue non-dispositive orders on pretrial matters, even when consent is not given. When dealing with dispositive motions in cases where consent has not been given, Magistrate Judges must issue Findings and Recommendations ("F&R") for the District Court's consideration. Fed. R. Civ. P. 72(b) An F&R is not a final order, and when objections are made by either party the district court must review the objected portions of the F&R under a *de novo* standard. As noted above, parties may also appeal nondispositive orders of the Magistrate Judge to a District Judge, but such orders shall be reviewed under a clear error standard.

In conclusion, this Court cannot find that Magistrate Judge Clarke's minute order (doc. 67) denying plaintiff's motion for reconsideration was clearly erroneous,

3 - ORDER AND OPINION

which is standard by which it is reviewed here. Accordingly, the order of the Magistrate Judge denying the Motion for Reconsideration (doc. 67) is AFFIRMED. Further, the request for reassignment to an Article III Judge is DENIED.

IT IS SO ORDERED.

Dated this 19 day of July 2019.

*Ann Aiken*
Ann Aiken
United States District Judge