# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

G. SMITH,

                        Case No. 1:17-cv-00712-CL

        Plaintiff,

    v.

                                  **REPORT AND**
                                **RECOMMENDATION**

JILL LIMERICK,

        Defendant.

---

CLARKE, Magistrate Judge.

    Plaintiff G. Smith brings claims against Defendant Jill Limerick for various state law claims arising out of a lease agreement for a residential property. In her Second Amended Complaint, Plaintiff adds two defendants, Barbara Wilt and James Sansone. All three defendants move to dismiss the Plaintiff's new claims. For the reasons below, the motions (#34, 44, 53) should be GRANTED and the majority of Plaintiff's Second Amended Complaint should be dismissed with prejudice. Plaintiff should be allowed to proceed with her claims for Trespass and Trespass to Chattels against defendant Limerick, but she should be required to show good cause prior to being allowed to file any further claims against defendant Sansone or defendant Wilt.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted.  In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. *Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc); *Barrett v. Belleque,* 544 F.3d 1060, 1061–62 (9th Cir.2008) (per curiam).

## DISCUSSION

Plaintiff was given leave to file an amended complaint[1] in order to more sufficiently allege her claims for fraud and conspiracy to defraud.  In her Second Amended Complaint, however, Plaintiff alleges five new claims along with the two fraud-related claims.  They include: (3)[2] Abuse of Process, (4) False Imprisonment, (5) Negligent Misrepresentation, (6)

---

[1] The Court made a mistake in this regard.  The fraud and fraud-related claims are subject to a two-year statute of limitations, as discussed below, and Plaintiff should not have been given leave to amend.
[2] Claims 1 and 2 are Trespass and Trespass to Chattels, which the Court already determined are properly plead.

Fraudulent Misrepresentation, (7) Defamation, (8) Conspiracy to Defame, and (9) Conspiracy to Defraud. All of these claims are barred by the applicable statutes of limitations and they should be dismissed with prejudice.    Additionally, the Court does not appear to have personal jurisdiction over the two additional defendants, Wilt and Sansone.  They should be dismissed from the case, and Plaintiff should not be allowed to file any further claims against them in this Court without prefiling permission.

## I.    Statutes of limitations bar Plaintiff's newly-added claims.

The applicable statute of limitations for torts such as abuse of process, false imprisonment, fraud, and negligent misrepresentation is two years. ORS § 12.110(1) ("An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.").  The statute of limitations for a defamation claim is one year and "begins to run on the date of the publication of the false or defamatory statement." ORS § 12.120(2); *Allen v. N.W. Permanente, P.C.*, 2013 WL 865967, *4 (D. Or. Jan. 2, 2013), *adopted as modified*, 2013 WL 865973 (D. Or. Mar. 7, 2013) (citation omitted).

All of the events that form the nucleus of the claims at issue in this case took place on or around mid-May, 2011.  Plaintiff initiated her original complaint in this case on May 8, 2017, nearly six years after the events at issue.  Therefore, all of Plaintiff's newly added claims, which are subject to one- or two-year statutes of limitation, are barred.  They should be dismissed with prejudice.

## II.    Defendants Wilt and Sansone should be dismissed from the case and Plaintiff should be subject to a prefiling order to evaluate any further claims.

After the Court gave Plaintiff leave to amend her complaint, Plaintiff added two additional defendants, Wilt and Sansone. Defendant Wilt is a former landlord of Plaintiff's in Sonoma County, California, and defendant Sansone is a California attorney who served as counsel in an unlawful detainer action brought in Sonoma County Superior Court. Because the Court should dismiss the claims against these defendants with prejudice for the reasons stated above, it is not necessary to walk through the entire personal jurisdiction inquiry, but it appears as though the Court does not have personal jurisdiction over these defendants, as they both reside in California, and they do not have the minimum contacts with the state or the purposeful availment necessary to form general or specific jurisdiction.

Additionally, a brief review of the Second Amended Complaint shows that the connection between these defendants and the alleged claims in this case is tenuous at best, and more than likely entirely frivolous. The Court can find no connection other than that the defendant Limerick may have once lived in the same California town as defendant Wilt, and Plaintiff has been involved in prior litigation with both parties. None of Plaintiff's current allegations state a plausible claim for relief against either defendant, even if the claims were not time-barred.

Finally, filings submitted by the defendants show that Plaintiff is very likely a vexatious litigant who has filed these same exact claims against one or both of these defendants in other courts in California. *See* Wilt Mtn Dis. (#44, 44-1, 44-2, 44-3). Plaintiff's only response to these filings is her claim that these are "disputed facts," which have "never reached a trier of fact" because "Plaintiff's incompetent former attorney... failed to show up for the original superior court trial... resulting in a highly improper default judgment." Plf. Opp. 2 (#54). Essentially, Plaintiff admits these issues have been previously litigated, and at least one default

judgment was rendered against her. Therefore, these issues, if they are even cognizable, are subject to res judicata, and Plaintiff's attempt to re-litigate them collaterally in this Court is not allowed.    Plaintiff should not be allowed to use the Court to carry out a vendetta against opposing parties from prior litigation, particularly if the claims are frivolous and no personal jurisdiction exists.  Plaintiff should be required to make a showing of good cause prior to filing any further claims or cases against these defendants in this Court.

## RECOMMENDATION

For the reasons stated above, motions (#34, 44, 53) should be GRANTED and the majority of Plaintiff's Second Amended Complaint should be dismissed with prejudice.  Plaintiff should be allowed to proceed with her claims for Trespass and Trespass to Chattels against defendant Limerick, but Plaintiff should be required to show good cause prior to being allowed to file any further claims against defendant Sansone or defendant Wilt.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. Fed. R. Civ. P. 72.  If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of October, 2019.

MARK D. CLARKE
United States Magistrate Judge