1  G. Smith, M.A, J.D.
   1144 SE 53rd Ave,
2  Portland, OR 97215

3

4              **UNITED STATES DISTRICT COURT**
               **FOR THE DISTRICT OF OREGON**
5                   **MEDFORD DIVISION**

6  G. SMITH,                          )    CASE NO.: 117CV00712CL
                                      )
7              Plaintiff,             )    PLAINTIFF'S OBJECTION TO
   v.                                 )    REPORT AND RECOMMENDATION
8                                     )    DATED OCTOBER 7, 2019
   JILL LIMERICK, BARBARA WILT        )
9       JAMES SANSONE                 )
                                      )
10             Defendants.            )
                                      )
11 _____   )

12 **I.      INTRODUCTION**

13      Before the reviewing court is the Court's report and recommendation of October 7, 2019.

14 In it, the Court finds grounds as follows to dismiss Plaintiff's complaint as to Defendants Wilt

15 and Sansone, a well as grounds to dismiss the entirety of claims contained in Plaintiff's Second

16 Amended Complaint against Defendant Limerick but for trespass and trespass to chattel.

17      The Court's report and recommendation misconstrues both the law and facts of the

18 instant matter, constituting denial of due process as follows.

19

20 **II.     THE REPORT AND RECOMMENDATION IS BASED ON DECISIONS**
   **CONSTITUTING REVERSIBLE ERROR.**
21

22      Before newly-joined opposing counsel for Defendant Sansone attached an improper,

23 highly prejudicial exhibit to his March 27, 2019 reply, violating due process in the 9th Circuit as

24 regards such type of exhibit, the instant litigation, although progressing at a snail's pace over the

last two years, could otherwise have been characterized as fair process by a fair magistrate. After said exhibit however, the instant matter became rife with reversible error that there is still time to correct.

The Court's error is found in its decisions as follows.

1. Both parties requested a hearing on Defendant Limerick's "amended" 3rd motion to dismiss.

In motions dated March 25, 2019 and April 8, 2019, respectively, **both** parties moved for oral argument on D L "amended" 3rd motion to dismiss.  No hearing was ever held.  Said fact prevented Plaintiff from properly arguing said dispositive motion to dismiss – effectively Defendant Limerick's **fourth** motion to dismiss -  that the Court subsequently granted without a hearing.

2. Basic due process was abrogated by the Court's April 8, 2019 order.

An order granting Defendant Limerick's "amended" 3rd motion to dismiss was decided **before** the statutorily mandated time Plaintiff had to file in opposition to it had elapsed; in other words, before the Court could properly even consider granting or denying said motion.  Plaintiff twice requested review of the Court's critical error (on April 22, 2019 and August 20, 2019, appending time-stamped documentation of such error) before the District Court reviewing judge, who ignored it.

3. Counsel for Defendant Limerick had no statutory right to "amend" his third motion to dismiss.

Defendant Limerick's third motion to dismiss is barred by statute.  As discussed in Plaintiff's Memorandum in Opposition, (April 8, 2019 at 2, ¶1, that the Court did not even review before granting D's "amended" motion *(supra)*), FRCP Rule 12(g)(2) <u>expressly prohibits</u>

amending motions to dismiss under the exact same circumstances in which D sought to amend

such motion.  As stated above, Defendant Limerick effectively filed a **fourth** motion to dismiss,

passing it off as an "amended" 3rd motion to dismiss. The Court then granted said motion, as

stated *supra*, without either allowing both parties' requested oral argument or exercising a non-

discretionary duty to consider P's timely-filed memorandum in opposition before issuing such

order.

4.  Counsel for Defendant Limerick had no statutory right to "join" Defendants Sansone

and Wilt to his "amended" motion to dismiss.

The Court granted Defendant Limerick motion to join (contained within its motion to

amend) despite the fact that contrary to statue, no statute auhorizes counsel to join additional

defendants to said motion.   In fact, the same statute counsel for Defendant Limerick cited in

support of his motion to join actually defeats his motion to join.  FRCP Rule 15.  See

Memorandum in Opposition, p. 2, lines 8-25, which discusses Rule 15's prohibition on joinder of

parties in motions that are not pleadings.

5.  The Court improperly refused to strike D S's highly prejudicial exhibit.

Two days after Defendant Limerick filed its "amended" motion to dismiss, contrary to

clearly articulated 9th Circuit law, over Plaintiff's subsequent objections on the record, the Court

nonetheless allowed consideration Defendant Sansone's highly prejudicial "Exhibit A".

(Affidavit of James Sansone in Support Of Motion To Dismiss dated March 27, 2019; Plaintiff's

Motion to Strike Non-Judicially Noticed Exhibit dated April 10, 2019.) Despite the fact that said

Exhibit was fundamentally irrelevant to the instant complaint, no person could read it and

maintain an open mind towards Plaintiff.  Said exhibit was a decision of a judge prohibited from

sitting in the matter, whose wrist had been slapped on appeal by Plaintiff's having earlier

prevailed on a rarely-won writ of mandamus against him, as the record of the California Court of Appeal reflects. Said writ ordered him to immediately correct his egregious abuse of discretion resulting in denial of Plaintiff's due process. The non-judicially noticed Exhibit attached in the instant matter was that judge's revenge. It was in no way either a hearing or a decision by an impartial trier of fact. As such it was highly prejudicial, completely lacking in merit, and painted Plaintiff in an extraordinarily negative light based on lies in lieu of law.

Moreover, the 9th Cir. as discussed in Plaintiff's motion to strike, rejects judicial consideration of this type of exhibit as evidence <u>at this pretrial stage of litigation</u>, even if judicial notice had been properly requested, precisely because of its prejudicial effect. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018).

6. Plaintiff's Motions to Strike Were Improperly Dismissed.

Not only did the Court refuse to hear argumentation on Plaintiff's multiple motions to strike dated April 8, 2009, the Court, in unusually short shrift, immediately denied dismissed said motions two days after they were filed. It is doubtful that the Court even bothered reading them. True, having separated the issues under consideration into individual motions to strike as Plaintiff did, filing multiple motions, may have been cumbersome for the Court. But what Plaintiff was attempting to do was properly respond to the individual multiple motions contained within Defendant Limerick's improper motion to "amend" its third motion to dismiss. Had the Court bothered to impartially, properly consider the merits of Plaintiff's motions to strike, it could not have reached the conclusions it did in the instant report and recommendation.

7. Plaintiff's Request to Remove Magistrate Clarke Was Improperly Denied.

As Plaintiff argued on review to the District Court on April 22, 2019, Plaintiff never consented to have the instant matter heard by a magistrate. Although Plaintiff could have

1    moved to remove Magistrate Clark under 28 U.S.Code § 144 for increasingly apparent evidence

2    of bias or prejudice, Plaintiff chose to appeal to the reviewing judge instead, who did not grant

3    such request.  Whiles Oregon's practice does allow a magistrate judge to hear non-dispositive

4    motions, Magistrate Clarke, in the absence of scheduling a hearing on the illegitimate third

5    motion to dismiss as Plaintiff had expected, and moving far more quickly than he has in the past,

6    issued a report and recommendation that is effectively a disposition on the merits of the case.

7    The use of magistrates who effectively issue such dispositive orders appears questionable at best

8    -- unless a busy reviewing court judge in fact affords a litigant properly-considered review of

9    such orders.

10

11    **III.    THE REPORT AND RECOMMENDATION IS UNSUPPORTED BY LAW.**

12         The Court premises its report and recommendation on the following arguments, all

13    unsupported by law:  1) Plaintiff's complaint is barred by the statute of limitations ["SOL"];

14    2) the Court lacks personal jurisdiction over the California defendants; 3) Plaintiff has failed to

15    state upon which relief may be granted; 4) Plaintiff's claims are estopped by res judicata; and

16    5) Plaintiff's claims are frivolous.  Although, as the record reflects, Plaintiff has earlier addressed

17    – and moreover successfully argued, in multiple prior motions to dismiss over the last two years,

18    these very same claims -- Plaintiff will once again briefly do so here.

19         **1.  Each of the Cause of Action With the Instant Complaint is Within the SOL.**

20         As Plaintiff has repeatedly stated, the applicable SOL governing each cause of action to

21    in the instant complaint is triggered *not* by a particular set of statutorily-mandated years, but

22    rather on when discovery of the tort causes the SOL to accrue.  The delayed-discovery rule,

23    applicable to conspiracy to defame actions   -- because while the defamation may be known to a

24

plaintiff as of a certain date, the conspiracy to defame may not be; and/or as in the instant matter, the defamation may be anonymous, prohibiting knowledge of the tortfeasor – in addition to every other cause of action in the instant complaint, has been upheld by courts throughout the 9th Cir.  See, e.g., *Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1250–1251 [7 Cal.Rptr.3d 576, 80 P.3d 676]; *Hebrew Academy of San Francisco v. Goldman* (2007) 42 Cal.4th 883, 894 [70 Cal.Rptr.3d 178, 173 P.3d 1004).

Therefore, Plaintiff's claims are not time-barred.

**2. The Court Has Personal Jurisdiction over Defendants Sansone and Wilt.**

As Plaintiff has repeatedly alleged, in the instant complaint as elsewhere, by formidably unethical yet provable actions including but not limited to affixing his name to legal documents served on Plaintiff <u>in Oregon</u> as well as working closely with Defendant Limerick's counsel to attract, pursue and prosecute cases against Plaintiff <u>in Oregon</u>  (Sansone); by conspiring with Defendant Limerick to harass, defame and attempt to criminalize Plaintiff <u>in Oregon</u> (Wilt) Defendants Sansone and Wilt have had sufficient minimum contacts with the forum state. Moreover, said contacts have more than satisfied the 9th Cir.'s three-part minimum contacts test for long-arm jurisdiction:  1) said contacts were purposeful, made to consummate a particular transaction; 2) said contacts arose out of Defendants' forum-related activities; and 3) the exercise of jurisdiction comports with fair play and substantial justice.  See, e.g., *Morrill v. Scott Financial Corp.*, 873 F.3d 1136 (Cal. Ct. of Appeals, 2017.

Therefore, the Court has personal jurisdiction over Defendants Sansone and Wilt.

**3.  Plaintiff's Complaint Contains Sufficient Allegations to State a Claim for Relief.**

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Most importantly for the instant matter, "the plausibility standard is not akin to a probability requirement…" Id. (ital. added).

Under fact or notice pleading, the threshold test of any motion to dismiss is whether Plaintiff has provided a cognizable claim. A claim alleging ultimate facts, as each amended claim of Plaintiff so alleges, cannot be supported by documentation, witness testimony, or other such indicia of proof positive. Beyond the plausibility standard there is absolutely no "require[ment that] specific facts be adduced by sworn testimony" or the like at this stage of the proceedings,. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1014 n.3 (1992).  For purposes of ruling on a motion to dismiss "courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party."  *Warth v. Seldin*, 422U.S. 490, 501 (1975). Alternatively phrased, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] "presum[es] that general allegations embrace those specific facts that are necessary to support the claim."*' Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). From such allegations, the court <u>is required</u> to draw reasonable inferences in support of such allegations that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Therefore, Plaintiff's complaint contains sufficient allegations upon which a claim for relief may be granted.

1

**4.  Plaintiff's Complaint is Not Barred by Res Judicata.**

2

Neither claim preclusion nor issue preclusion applies to the instant complaint.  Under the

3

doctrine of res judicata encompassing both types of preclusion, "a final judgment on the merits"

4

in a case precludes a successive action between "identical parties or privies" concerning "the

5

same 'claim' or cause of action*." Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th

6

Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

7

Neither the parties *nor* the causes of action in the instant matter are identical to any other

8

actions.

9

As to the Court's finding that Plaintiff "essentially admits these cases have already been

10

litigated" (Report and Recommendation at 4, ¶3), Plaintiff does nothing of the sort.  Plaintiff is

11

not litigating the legality of Defendant Wilt's unit nor damages allegedly accruing from it;

12

Plaintiff is claiming damages arising from Defendant Wilt's conduct in Oregon with an Oregon

13

defendant.  Similarly, as stated *supra*, the instant matter complains of Defendant Sansone's

14

conduct in Oregon with an Oregon defendant.  Such claims have never before been litigated.

15

Therefore, Plaintiff's complaint is not barred by res judicata.

16

**5.  Plaintiff's Claims Are Anything But Frivolous.**

17

Why would Plaintiff spend so many hours on this matter in lieu of so many other

18

enjoyable and/or remunerative activities? There is no "sport" involved here, as alleged by

19

Defendant Wilt.  This is a painful, extraordinarily costly attempt to find justice in, to even

20

maintain a shred of belief in, a system of redressing wrongs, in which system Plaintiff was

21

expensively trained to practice yet kept from by a certain deep pocket's machinations.

22

One lawyer's one-time failure to show up for trial due to a documented scheduling

23

conflict in Southern California – Plaintiff's lawyer on the Wilt case, who did not spend, as

24

Plaintiff did, over two years writing motion after motion, winning interlocutory appeals, summoning copious evidence, preparing for a properly demanded jury trial never held, but rather merely affixed his name to what he saw (e.g., a government housing inspectors report citing over 40 substandard housing violations in Wilt's 2-room unit alone) in a case he adjudged meritorious enough to take on contingency, should not have opened the door, as it did, to a conspiracy to operate unchecked for over a decade.  Plaintiff's lawyer's failure to show was a failure supposedly judicially excused, permitting a wilfully ignorant judge to conduct a highly improper default hearing, resulting in a judgment completely without merit.

It is worth noting for the sole purpose of understand background in this matter, pursuant to both statute and common law, the decision to award Defendant Wilt an ridiculous sum was an absurd judgment covering up a serious tort.  It allowed Defendant Wilt to believe she was operating a legitimate rental under California law.  She was not.  Unlike Oregon law, California law expressly prohibits property owners who have not first obtained a certificate of occupancy  - which Wilt could not possibly obtain, as the unit had been ad hoc constructed, wired, and plumbed in literally sickening violation of local zoning, building and state statutory code -- to even so much as enter into a lease for such property.  (See *Gruzen v. Henry* (1978) 84 CA3d 515, 518, 148 CR 573, 574; *Shephard v. Lerner* (1960) 182 CA2d 746, 750, 6 CR 433, 435; and *Lyke v. Pursley* (1959) 171 CA2d 417, 420, 340 P2d 709, 712.)  California law holds such leases void *ab initio*.  *Gruzen* et al.. California law expressly prohibits such property owners the right to collect any rent whatsoever for such units. (*Gruzen* et al.)  California law expressly prohibits property owners of such property owners the right to sue for rent on such units. California law expressly prohibits any award of rental damages on such units. (*Gruzen* et al.)

Why, then, are Oregon courts effectively participating in a cover-up of such matters? While such matters in no way constitute the gravamen of the instant complaint, they form the background to it.  Dislike of a whistleblower is not a lawful reason to do so.

IV.  CONCLUSION.

This Court would be well-advised to look past the respective economic, reputational status of Plaintiff and Defendants to allow this case, after an extended series of expensive pre-litigation motions spanning two years, to at a minimum proceed to the stage at which it may hear evidence.  As the court is fully aware, Defendants have the right, at the close of such evidence, should they believe it to be meritless, to move to dismiss.  As the record reflects, as Plaintiff has repeatedly argued, dismissal before such evidence is heard is contrary to 9th circuit and Oregon minimum standards of what is required before a motion to dismiss for failure to state may be granted.

Therefore, the reviewing court should deny the Court's Report and Recommendation.

Dated: November 12, 2019

_____/s/_____
G. Smith, M.A., J.D

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION