IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

G. SMITH,  Civ. No. 1:17-cv-00712-CL

        Plaintiff,  **OPINION & ORDER**

  v.

JILL LIMERICK,

        Defendant.

AIKEN, District Judge.

    This matter comes before the Court on Plaintiff's Motion to Set Aside the Judgment under Rule 60(b). ECF No. 107. The Motion is DENIED.

## LEGAL STANDARD

    Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release, discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is

no longer equitable, or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

## DISCUSSION

Plaintiff moves to set aside this Court's Order dismissing the majority of claims from the Second Amended Complaint, ECF No. 91, based on Rule 60(b)(1), (3), and (6).

Rule 60(b)(1) provides that the court may relieve a party from a final judgement or order in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Under the 'mistake' provision, a litigant may seek relief if the district court has made a substantive error of law or fact in its judgment or order." *Maney v. Winges-Yanez*, No. 6:13-cv-00981-SI, 2014 WL 5038302, at *2 (D. Or. Oct. 8, 2014) (internal quotation marks and citation omitted, alterations normalized). However, "mere dissatisfaction with a court's order or belief that the court is wrong in its decision are not adequate grounds for reconsideration." *Feeley v. Earl*, 3:17-cv-00649-PK, 2017 WL 6540043, at *1 (D. Or. Aug. 29, 2017) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)). In this case, Plaintiff alleges that the Court committed a series of legal and procedural errors. Many of the alleged errors have previously been raised by Plaintiff in her briefing and rejected by this Court, including in Plaintiff's objections to the F&R. The Court has reviewed the record and finds no substantive error justifying relief from its prior Order.

With respect to Plaintiff's motion under Rule 60(b)(3), a court may relieve a party from a final judgment or order on the basis of fraud. Fraud includes attempts to subvert the integrity of the court and fraud by an officer of the court. *Dixon v. Comm'r of Internal Revenue*, 316 F.3d 1041, 1046 (9th Cir. 2003). In either case, the fraud must involve an unconscionable plan or

scheme which is designed to improperly influence the court in its decision. *Id.* To prevail on a Rule 60(b)(3) motion, the moving party must prove fraud by clear and convincing evidence. *England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960). Plaintiff's arguments on this point mostly concern her allegations that Defendants Sansone and Wilt have interfered with Plaintiff's rental tenancies in the past or engaged in fraud against Plaintiff and her belief that they continue to do so. On its face, this does not constitute an unconscionable scheme to influence *the Court* in its decision. Nor do Plaintiff's vague allegations of perjury by Defendants rise to the level of clear and convincing proof necessary to support a motion under Rule 60(b)(3).

Finally, the Court turns to Plaintiff's motion under Rule 60(b)(6). "A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances" justifying the requested relief. *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (internal quotation marks and citation omitted). This rule is "used sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks and citation omitted). "To demonstrate the type of extraordinary circumstances required to justify relief under Rule 60(b)(6), it must generally be that the movant is completely without fault for his predicament; that is, the movant was unable to take any steps that would have resulted in preventing the judgment from which relief is sought." *Bondick v. Khalsa*, Case No.: 6:18-cv-02122-MK, 2020 WL 3799194, at *2 (D. Or. July 7, 2020) (internal quotation marks and citation omitted). In this case, Plaintiff combines her arguments under Rule 60(b)(1) and (6). As noted, the Court has reviewed the record and found no error justifying relief under Rule 60(b)(1). The Court likewise finds no exceptional circumstances justifying relief under Rule 60(b)(6).

Finally, Plaintiff's motion does not contain a certification of conferral as required by Local Rule 7-1(a) and Plaintiff's counsel admits that he did not confer on the motion. Wall Decl. ECF

No. 113-3.  This supplies an independent basis for denying the motion.  LR 7-1(a)(3).  Plaintiff's Motion to Set Aside the Judgment under Rule 60(b) is therefore DENIED.

It is so ORDERED and DATED this   25th   day of November 2020.

                                                /s/Ann Aiken
                                               ANN AIKEN
                                               United States District Judge