IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| G. SMITH, | Civ. No. 1:17-cv-00712-CL |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| JILL LIMERICK, | |
| Defendant. | |

CLARKE, Magistrate Judge.

This matter comes before the Court on Plaintiff's Motion to Recuse. ECF No. 109. Pursuant to Local Rule of Civil Procedure 7-1(d)(1), the Court concludes that the motion is appropriate for resolution without oral argument.[1] The motion is DENIED.

Plaintiff moves for recusal pursuant to federal statute 28 U.S.C. § 144, which provides in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for the failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] In the specific case of a motion to recuse, "since the inquiry is addressed to the facial sufficiency of the affidavit—not to the truth or falsity of the facts stated therein, a 'hearing' is unnecessary." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (internal quotation marks and citation omitted, alterations normalized).

Page 1 – OPINION & ORDER

28 U.S.C. § 144.

The judge against whom such an affidavit is filed cannot pass on the truth or falsity of the facts stated in the affidavit. *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). However, the judge is entitled to pass upon the legal sufficiency of the affidavit. *Id.* "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge 'to proceed no further' in the case." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (citation omitted).

"An affidavit filed pursuant to [§144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). A motion to disqualify must be denied when the motion and affidavit in support "contain only [the moving party's] conclusions and are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source." *Id.* Recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably question." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks and citation omitted). For a judge to be disqualified, there must be showing of "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

In this case, Plaintiff's motion and affidavit do not contain any allegations tending to show personal bias stemming from an extrajudicial source. As evidence of bias, Plaintiff cites only to the Court's rulings and orders. "A judge's ruling against a party does not, without much more compelling evidence, show prejudice against that party, or bias in favor of the prevailing party." *Todd v. McMahn*, No. 1:15-cv-1091-MC, 2016 WL 843264, at *2 (D. Or. Mar. 1, 2016); *see also*

*United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (The judge's "conduct during proceedings should not except in the 'rarest of circumstances' form the sole basis for recusal.") (quoting *Liteky*, 510 U.S. at 555 (footnote omitted)). The Court therefore concludes that Plaintiff's motion and affidavit are legally insufficient and there is no need to refer Plaintiff's motion to another judge. The Motion to Recuse, ECF No. 109, is DENIED.

It is so ORDERED and DATED this ___10___ day of December, 2020.

Mark Clarke
United States Magistrate Judge