IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JANE SMITH, | Civ. No. 1:17-cv-00712-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| JILL LIMERICK, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on Defendant Jill Limerick's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 170. The Court concludes that this motion is suitable for resolution without oral argument. For the reasons set forth below, the motion is GRANTED and this case is DISMISSED with prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to comply with a court order, "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless the court's order states otherwise, a

dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id*. "In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[.]" *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 n.2 (9th Cir. 2019) (internal quotation marks and citation omitted).

The threshold inquiry is whether Plaintiff has failed to follow an order of the Court. This case has a long and contentious history which will not be recounted here except as necessary. The case was originally assigned to Magistrate Judge Clarke. On January 27, 2022, Judge Clarke denied Plaintiff's motion to amend her complaint, noting that the proposed amendment was untimely, as well as frivolous and lacking merit. ECF No. 149. Judge Clarke transferred the case to this Court. On March 9, 2022, shortly after the case was reassigned, Plaintiff filed another motion to amend the complaint. ECF No. 154. The Court denied the motion by minute order, noting that Plaintiff's motion was "substantially identical to her previous motion, which was properly denied by Judge Clarke as untimely, frivolous, and without merit," and that "Plaintiff's attempt to relitigate that motion following reassignment of the case to this Court is both frivolous and in bad faith." ECF No. 157. Plaintiff was cautioned that

"the filing of further bad faith motions will result in the imposition of sanctions." ECF No. 157.

On January 11, 2013, the Court ordered Plaintiff to file a conforming complaint by February 15, 2023. ECF No. 162. Plaintiff filed her Fifth Amended Complaint on February 15, 2023. ECF No. 163. On March 2, 2023, the Court held a telephonic status conference at which it told Plaintiff that the "Fifth Amended Complaint does not comply with the Court's order as it contains previously dismissed claims." ECF No. 166. Plaintiff was "ordered to submit, within 30 days of the date of this Order, a Sixth Amended Complaint containing only the surviving claims for trespass, trespass to chattels, and conversion consistent with the previous rulings of Judge Clarke and this Court." ECF No. 166. This order was reiterated in another status conference on March 9, 2023, with the due date for the conforming complaint fixed at April 3, 2023. ECF No. 167. On April 3, 2023, Plaintiff filed her Sixth Amended Complaint but, contrary to the Court's express directions, the Complaint contains additional claims and defendants. ECF No. 168. Defendant's Motion to Dismiss, ECF No. 170, followed.

As described above, the Court repeatedly ordered Plaintiff to file a conforming complaint limited to the claims and defendants remaining after this Court and Judge Clarke's rulings on previous motions to dismiss. Plaintiff has persisted in filing amended complaints with additional claims and defendants. The Court concludes that Plaintiff has failed to comply with the orders of the Court, despite repeated

admonitions and multiple opportunities to comply. The Court therefore turns to consideration of the factors governing dismissal under Rule 41(b).

With respect to the first two factors, the public interest and the court's need to manage its docket, Plaintiff's conduct and her persistent refusal to abide by the prior rulings of this Court have resulted in substantial delays in the resolution of this case. The Court concludes that the first two factors weigh in favor of dismissal.

The third factor, prejudice to the defendant, weighs sharply in favor of dismissal. Plaintiff's conduct in litigation and her refusal to file a proper conforming complaint have resulted in considerable wasted time and unnecessary expense for Defendant.

The fourth factor, the public policy favoring disposition of cases on their merits, will generally weigh against dismissal under Rule 41(b). The Court concludes, however, that this factor is outweighed by the other four factors.

The final factor requires a court to consider the availability of less drastic alternatives. While a court should impose lesser sanctions whenever possible, it is appropriate to reject lesser sanctions when it is anticipated there will be continued misconduct. *United States for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1988). Here, Plaintiff has a long-established pattern of dilatory and noncompliant filings that began when she was a pro se party. Plaintiff is now represented by counsel, but this has not improved her conduct in litigation.[1] Plaintiff has been given warnings, including warnings about the

---

[1] At the Court's last status conference, ECF No. 167, Plaintiff interrupted the proceedings to announce that she was firing her attorney before giving a lengthy monologue. Plaintiff seems to have reconsidered her decision to fire her

Page 4 –OPINION & ORDER

possibility of sanctions, without apparent effect. Plaintiff has been given repeated and detailed instruction and multiple opportunities to comply with the Court's orders and has declined to do so. The Court concludes that less drastic alternatives to dismissal are extremely unlikely to improve Plaintiff's conduct or allow this litigation to proceed. Accordingly, the Court concludes that the fifth factor weighs in favor of dismissal.

The Court therefore concludes that dismissal is warranted under Rule 41(b) and Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b), ECF No. 170, is GRANTED and this case is DISMISSED with prejudice. All other pending motions are DENIED as MOOT. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___16th___ day of June 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge

---

attorney in the intervening weeks, as no motion to withdraw has been filed by Plaintiff's counsel and Plaintiff's latest filings bear her attorney's signature block.